# BANKS v. SOUTHERN POTTERIES, INC.—204 S. W. (2d) 382.

Eastern Section.   October 12, 1946.

Petition for Certiorari denied by Supreme Court, May 31, 1947.

D. M. Guinn and Frank Bryant, both of Johnson City, for plaintiff in error.

L. H. Allred and Fred D. Booth, both of Erwin, and Simmonds & Bowman, of Johnson City, for defendant in error.

McAMIS, J. This is a common-law action to recover damages for physical disability claimed to be due to silicosis. The declaration avers that plaintiff was employed by the defendant, Southern Potteries, Inc., as a trimmer or finisher or pottery; that in the process of manufacture dust particles containing silica were given off and permeated the atmosphere where plaintiff and other employees worked.

The declaration specifically charges that. defendant, in violation of Code Section 5340, failed to provide fans, conveyors, pipes, etc., to remove the impurities thus generated and that, as a result of a violation of the statute, plaintiff contracted the disease known as silicosis and became totally and permanently disabled before severing his connection with defendant on November 24, 1942.

The defendant filed a plea of the general issue and also a plea of the statute of limitations of one year.

Following a jury verdict in defendant's favor, plaintiff moved for a new trial which was overruled and he has prosecuted an appeal in error to this court.

■ The statute requires the removal of impurities detrimental to health by artificial means only in event natural ventilation is not or cannot be provided. It is insisted that there is no evidence to sustain a finding by the jury that natural ventilation was sufficient. There was a general verdict in defendant's favor implying a finding favorable to defendant on all controverted issues sustained by material evidence. If there is evidence sufficient to sustain a finding by the jury that plaintiff does not have silicosis as claimed, it becomes immaterial whether there was a violation of the statute, for to be actionable the violation of the statute must be a proximate cause of the disability suffered. We, therefore, consider first the question of whether there is substantial material evidence to support a finding by the jury that plaintiff's disability is due to a nervous condition and not to silicosis as charged in the declaration.

Plaintiff testified that he was employed by defendant for a period of more than twenty years. He says that during this period he suffered from weakness and a difficulty in breathing, a condition which could best be al-

leviated by getting outside and walking around or remaining quiet and inactive.

Plaintiff testified that after he quit his employment with defendant he enlisted in the United States Navy and was inducted at San Diego, California; that about three weeks later he became sick, nervous and "swimmy headed" as a result of which he was placed in a hospital and examined by Commander Paul Victor Greedy, a Medical Officer of the United States Navy. While in the hospital, he was X-rayed by government technicians under the supervision of Commander Greedy. Commander Greedy concluded that plaintiff was suffering from silicosis and so reported to Ross T. McIntire, Vice Admiral (MC) USN, Chief of Bureau who, as we understand, issued a medical discharge on the ground of total and permanent disability. The admissibility of this certificate as evidence will be considered hereinafter.

In support of his claim, plaintiff introduced the testimony of Commander Greedy and of his local physician, Dr. Budd, and they both testified that, in their opinion, plaintiff was suffering from silicosis and totally and permanently disabled.

Defendant introduced several of its employees who work with the same materials and under the same conditions as plaintiff who testified that their health was not affected, also a number of physicians whose testimony will be briefly summarized.

Dr. Hankins, a physician specializing in X-ray, testified that he made a number of X-ray pictures of plaintiff's chest which showed some nodulation and fibrosis but he testified that these conditions were not due to silicosis.

Dr. Abercrombie, a radiologist of Knoxville, Dr. Murphy, a radiologist of Ashville, North Carolina, and Dr.

Pearson, a radiologist of Baltimore, Maryland, and attached to the staff of Johns Hopkins Hospital, all testified from their examination of pictures made by Dr. Hankins that in their opinion plaintiff did not have silicosis. Dr. Brading, a practicing physician of Johnson City, testified that he was consulted by plaintiff after he left the pottery plant of defendant and that he examined plaintiff. Based upon this examination, the case history as related by plaintiff and the pictures made by Dr. Hankins, Dr. Brading concluded that plaintiff was suffering from a nervous condition, a conclusion which he thought was confirmed by the symptoms related by plaintiff, and that he was not suffering from silicosis.

The jury chose between the conflicting testimony, both medical and lay, and we believe enough has been said to show that there is material evidence to sustain a finding that plaintiff was or was not suffering from silicosis. The jury found that he was not and we are bound by the verdict. We, accordingly, hold that there was no error in the action of the court in submitting the case to the jury.

Some question is made that the opinion expressed by all of the physicians introduced by defendant, except Dr. Hankins, is based upon X-ray pictures and there is no showing that the pictures about which they testified were the same pictures made by Dr. Hankins of plaintiff's chest. We think there is no merit in this contention. The pictures were made exhibits to the testimony of the physicians offered by defendant and identified by the authority before whom the depositions were taken and the same pictures were identified at the trial by Dr. Hankins and made exhibits to his testimony.

This brings us to the principal contention made by plaintiff that the court erred in refusing to admit in

evidence a certificate by Vice Admiral McIntire, based upon the medical report of Commander Greedy, that plaintiff was suffering from silicosis in the second stage and permanently disabled. We think there was no error in this action.

The certificate shows upon its face that it is based upon medical history found in the files of the Bureau. We think it is inferable that the medical history referred to was the findings and report of Commander Greedy and the X-rays made under his supervision. These pictures, so far as appears, were never examined by Vice Admiral McIntire. He bases his opinion entirely upon an opinion by another government official upon the central issue to be determined by the jury. The opinion expressed is purely hypothetical because it is based entirely upon facts found by Commander Greedy while performing his official duties. Plaintiff had the full benefit of these findings and conclusions in the testimony of Commander Greedy. To admit the certificate would give plaintiff the benefit of an opinion by one whose qualifications are not shown and, at the same time, effectually deprive defendant of the right of cross-examination. We think it would have been unjust and patently improper to pyramid one opinion upon another when both are based upon the findings and conclusions of Commander Greedy and that the learned trial judge correctly followed the general rule that records of investigations conducted pursuant to the requirement of law by public officers, involving the exercise of judgment, the expressions of opinion, and the making of conclusions are not admissible in evidence as public records. Laird v. Boston & Maine R. Co., 80 N. H. 58, 14 A. 275, 16 A. L. R. 243; Commonwealth v. Slavski, 245 Mass. 405, 140 N. E. 465, 29 A. L. R. 281; and see 20 Am. Jur., Evidence, Section

1027, pp. 866, 867 and 32 C. J. S., Evidence, Section 644, p. 509. Especially is this true, we believe, where the party offering the certificate has had the full benefit of all material covered by the certificate by introducing the sworn testimony of the official who made the primary investigation. Compare principles followed in Hill v. National Life & Acc. Ins. Co., Inc., 11 Tenn. App. 33.

We think evidence offered by defendant that other employees working under the same conditions were not injuriously affected was properly admitted as supporting other evidence offered by defendant that plaintiff himself was not affected as he claimed.

Other questions raised by the assignments have been considered and found without merit and the judgment will be affirmed.

Hale and Burnett, JJ., concur.